**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHIAO FANG KU, | |
| Petitioner, | CIVIL ACTION NO. 3:17-CV-00760 |
| v. | (MANNION, D.J.) |
| WARDEN DENNIS BOWEN, et al., | (MEHALCHICK, M.J.) |
| Respondents. | |

**REPORT AND RECOMMENDATION**

On April 28, 2017, the Court received and filed the instant counseled petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241 on behalf of Petitioner Chiao Fang Ku, a native and citizen of Taiwan. (Doc. 1). At the time of filing her petition, Ku was being detained in the custody of U.S. Immigration and Customs Enforcement ("ICE") at York County Prison, located in York County, Pennsylvania. For the reasons stated herein, it is recommended that the petition be granted insofar as Ku seeks an individualized bond hearing.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Ku, a citizen and native of Taiwan, has resided in the United States since January 27, 1999. On December 12, 2014, Ku was convicted of Wire Fraud in the United States District Court of Massachusetts, and sentenced to 18 months incarceration and one year of supervise release. Ku was served with a Notice to Appear and taken into custody by Immigration officials on May 19, 2016, on which date she requested an immigration judge review her custody determination. (Doc. 1-1 at 3; Doc. 5-1 at 3, 6). The Notice of Appear charged Ku as removable from the United States pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA) for being convicted of an aggravated felony. (Doc. 5-1 at 14). On June 28, 2016, Ku was served with Additional Charges of Inadmissibility/Deportability. (Doc. 5-5 at 15).

On February 2, 2017, ICE denied Ku's request for release on parole/supervision on the grounds that she was "subject to mandatory custody pursuant to Section 236(c) of the INA." (Doc. 5-1 at 17). On March 21, 2017, an immigration judge granted Ku's Application for Adjustment of Status and Waiver of Inadmissibility in light of the extreme hardship to her children and to her husband. (Doc. 1-1 at 16; Doc. 5-1 at 19). The Department of Homeland Security filed an appeal of the ruling with the Board of Immigration Appeals (BIA), and this appeal remains pending. (Doc. 1-1 at 18, 24; Doc. 5-1 at 27-28).

## II. DISCUSSION

In the instant habeas petition, Ku challenges the constitutionality of her prolonged detention without a bond hearing. (Doc. 1). Pre-removal detention is authorized under 8 U.S.C. § 1226. Section 1226(c)(1) requires that "[t]he Attorney General *shall* take into custody any alien who--(B) is deportable by reason of having committed any offense covered in section … 1227(a)(2)(A)(iii) … of this title . . . ." (emphasis added).

The parties agree that Ku is subject to detention pursuant to § 1226(c). (Doc. 1; Doc. 5). Given the length of Ku's detention without a discretionary bond hearing (now over a year), and given Respondent's willingness to coordinate the scheduling of a bond hearing before an immigration judge as expeditiously as possible, the Court finds that Ku should be afforded an individualized bond hearing before an immigration judge.

Recent decisions rendered by the United States Court of Appeals for the Third Circuit have defined the contours of the constitutional protection against excessive prolonged detention pending removal proceedings. *See Chavez-Alvarez v. Warden York Ctny. Prison*, 783 F.3d 469, 475 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011). In *Chavez-Alvarez*,

the Third Circuit examined the history of § 1226(c) and noted that mandatory detention does not *ipso facto* violate due process:

> Before 1996, significant numbers of aliens convicted of serious crimes were taking advantage of their release on bond as an opportunity to flee, avoid removal, and commit more crimes. *Demore v. Kim,* 538 U.S. 510, 518–19, (2003). Congress fixed this problem by enacting section 1226(c), expanding the range of serious crimes for which the Government was required to detain convicted aliens. Notably, section 1226(c) does not give the Attorney General any authority to release these aliens on bond. *Id.* at 521.
>
> . . .
>
> The Supreme Court left no doubt that the Government's authority under section 1226(c) to detain aliens without an opportunity for bond complies with the Constitution. *Id.* at 531. However, as we discuss below, we read *Demore* as also recognizing that there are limits to this power. *Diop,* 656 F.3d at 221.

783 F.3d at 472-73 (internal citations omitted).

The Third Circuit recognizes that one limit to the mandatory detention power under § 1226(c) is that "the statute authorizes only mandatory detention that is reasonable in length." *Diop,* 656 F.3d at 235. Furthermore, "it is possible that a detention may be unreasonable even though the Government has handled the removal case in a reasonable way." *Chavez-Alvarez,* 783 F.3d at 475. Specifically, the Third Circuit in *Chavez-Alvarez* held that in cases where a petitioner brings a good-faith challenge to his or her removal from the United States:

> [B]eginning sometime after the six-month timeframe considered by *Demore,* and certainly by the time [a petitioner] had been detained for one year, the burdens to [the petitioner]'s liberties outweigh[ ] any justification for using presumptions to detain him without bond to further the goals of the statute. We conclude that the underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized evidence that [the petitioner]'s continued detention was or is necessary.

783 F.3d at 478.

Thus, where a petitioner's detention extends beyond the six-month to one-year time frame delineated in *Chavez-Alvarez*, the reviewing court should order an individualized bond hearing to determine "whether detention is still necessary to fulfill the statute's purposes of ensuring that

an alien attends removal proceedings and that his release will not pose a danger to the community." *Diop*, 656 F.3d at 231; *Chavez-Alvarez*, 783 F.3d at 475. Furthermore, at these individualized bond hearings "the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Diop*, 656 F.3d at 233.

Applying the Third Circuit's established framework to the facts of this case, it is clear that Ku has shown that she is entitled to an individualized bond hearing. (Doc. 4, at 3-6). As in *Chavez-Alvarez*, Ku's legal challenge to this case appears to be presented in good faith. 783 F.3d at 478. Moreover, Ku's prolonged mandatory detention without a bond hearing, has now exceeded the one-year period at which point mandatory detention is presumed excessive. *Chavez-Alvarez*, 783 F.3d at 478. This Court therefore concludes that Ku is entitled to an individualized bond hearing where the government will have the burden of demonstrating that continued detention is still necessary.

In *Chavez-Alvarez*, the Third Circuit noted that an immigration judge can, and often should, make an initial bond determination. 783 F.3d at 478 n.12; *see also Leslie v. Holder*, 865 F. Supp. 2d 627, 631 (M.D. Pa. 2012) (noting that district court permitted initial bond review to be conducted by an immigration judge, "[m]indful of the deference which should be accorded in the first instance to agency decision-making processes"). Federal courts frequently defer to immigration judges under these circumstances, as opposed to conducting their own bond hearings. *See, e.g.*, *Casas–Castrillon v. Dep't of Homeland Security,* 535 F.3d 942 (9th Cir. 2008); *Reid v. Donelan,* 991 F. Supp. 2d 275 (D. Mass. 2014); *Chen v. Aitken,* 917 F. Supp. 2d 1013 (N.D. Cal. 2013); *Singh v. Sabol,* No. 1:14-CV-1927, 2015 WL 3519075, at *6 (M.D. Pa. June 4, 2015), *appeal dismissed,* (Sept. 9, 2015); *Wilks v. U.S. Dep't of Homeland Security,* No. 07–2171, 2008 WL 4820654 (M.D. Pa. Nov. 3, 2008). Moreover, the Court finds persuasive

Respondent's argument that "given the immigration court's familiarity with Ku and its experience with these types of hearings, holding the hearing in that forum will facilitate the efficient resolution of Ku's claims." (Doc. 5 at 8).

For the reasons stated above, the Court recommends that this matter be referred to an immigration judge for the initial bond determination, at which time the government will bear the burden of proving that Ku's continued detention is necessary.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that:

1. Petitioner Chiao Fang Ku's petition for writ of habeas corpus (Doc. 1) be **GRANTED** to the extent that Ku be afforded an individualized bond hearing.

2. Within a specified period following the adoption of this Report and Recommendation, an immigration judge shall afford Ku an individualized bond hearing. At this hearing, the immigration judge must make an individualized inquiry into whether detention is still necessary for the purposes of ensuring that Ku attends removal proceedings and that his release will not pose a danger to the community. *Chavez–Alvarez v. Warden York Cnty. Prison,* 783 F.3d 469, 475 (3d Cir. 2015). Further, the government bears the burden of presenting evidence at this hearing and proving that Ku's continued detention is necessary to fulfill the purposes of the detention statute. *Diop v. ICE/Homeland Sec.,* 656 F.3d 221, 233 (3d Cir. 2011).

3. The Clerk of Court be directed to **CLOSE** this case.

**Dated: June 7, 2017**　　　　　　　　　　　　**BY THE COURT:**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHIAO FANG KU,<br><br>       Petitioner,<br><br>v.<br><br>WARDEN DENNIS BOWEN, et al.,<br><br>       Respondents. | CIVIL ACTION NO. 3:17-CV-00760<br><br>(MANNION, D.J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 7, 2017**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: June 7, 2017**　　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**