# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHIAO FANG KU, : | |
| Petitioner : | |
| : | CIVIL ACTION NO. 3:17-0760 |
| v. : | |
| : | (JUDGE MANNION) |
| WARDEN DENNIS BOWEN, *et al.*, : | |
| Respondents : | |

## O R D E R

The petitioner, a native and citizen of Taiwan, has resided in the United States since January 27, 1999. She was convicted of wire fraud in the United States District Court for the District of Massachusetts on December 12, 2014, and sentenced to eighteen (18) months of incarceration and one (1) year of supervised release.

On May 19, 2016, the petitioner was served with a Notice to Appear and detained by U.S. Immigration and Customs Enforcement, ("ICE"). She is charged as being removable from the United States pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, ("INA"), for having been convicted of an aggravated felony. The petitioner was served with Additional Charges of Inadmissibility/Deportability on June 28, 2016.

The petitioner filed a request for release which was denied on February 2, 2017, on the basis that she was "subject to mandatory custody pursuant to Section 236(A) of the INA." However, on March 21, 2017, an immigration judge granted the petitioner's Application for Adjustment of Status and Waiver

of Inadmissibility. The Department of Homeland Security filed an appeal of the immigration judge's ruling with the Board of Immigration Appeals, ("BIA"), which was still pending on April 28, 2017, when the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 through counsel. (Doc. 1).

Presently pending before the court is the June 7, 2017, report of Magistrate Judge Karoline Mehalchick, (Doc. 7), recommending that the instant petition be granted to the extent that the petitioner be afforded an individualized bond hearing at which the immigration judge must make an individualized inquiry into whether detention is still necessary for the purposes of ensuring that the petitioner attends removal proceedings and that her release will not pose a danger to the community. Both the respondents and the petitioner have indicated that they do no object to the report and recommendation of Judge Mehalchick. (Doc. 8, Doc. 9).

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole

or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The court has reviewed Judge Mehalchick's report as well as the applicable law and concurs with her recommendation. The clear guidance of *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015) and *Diop v. ICE/Homeland Security*, 656 F.3d 222 (3d Cir. 2011) indicate that the petitioner is entitled to a bond hearing to justify her continued detention during removal proceedings. Her continued detention will be justified only if it is determined, on an individualized basis, that it is necessary to achieving the goals of the immigration statute, particularly, "ensuring participation in the removal process[] and protecting the community from the danger [s]he . . . poses." *Chavez-Alvarez*, 783 F.3d at 475. It is the government's burden to show that the petitioner's continued detention is necessary to fulfill the above-referenced purposes of the detention statute. *Diop*, 659 F.3d at 233.

Thus, the court will **ADOPT** Judge Mehalchick's report (Doc. 7) and **GRANT** the instant habeas petition (Doc. 1) to the extent that the petitioner requests an individualized bond hearing, and order that an immigration judge conduct an individualized bond hearing within **30 days**.

**NOW, THEREFORE, IT IS HEREBY ORDERED, THAT**:

**(1)** The report and recommendation of Judge Mehalchick, (Doc. 7), is **ADOPTED**;

**(2)** Petitioner Ku's habeas petition, (Doc. 1), is **GRANTED** to the

extent that it seeks an individualized bond hearing;

**(3)** An individualized bond hearing shall be conducted by an immigration judge **within thirty (30) days** of the date of this order;

**(4)** At the bond hearing, the government shall bear the burden of demonstrating that the petitioner's continued detention is still necessary to fulfill the purposes of ensuring that she attends removal proceedings and that her release will not pose a danger to the community under Diop v. ICE/Homeland Sec., 656 F.3d 221, 231-33 (3d Cir. 2011); and

(5) The clerk of court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 6, 2017**

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2017 ORDERS\17-0760-01.wpd